## Wagner's Case.

*Andrew A. Leiser,* for petitioners.

*A. F. Gilbert* and *Jay G. Weiser,* for respondent.

POTTER, P. J., May 24, 1929.—On Dec. 10, 1928, a petition signed by thirty-four of the citizens and taxpayers of West Beaver Township was presented to us, asking for a rule to issue requiring Harry A. Wagner, one of the supervisors of public roads of said township, to show cause why he should not be removed from office because of his neglect and refusal to perform his official duties.

McClure is a fair-sized town situated in West Beaver Township. Within the past year a new township high school building has been erected and completed within the limits of this town and was ready for occupancy for school purposes when the school term opened in September, 1928. We gather that there was no public street or road leading to this building. Petitions were presented to us asking for the appointment of viewers to view and lay out two short streets leading to and from this building at different angles. The viewers were duly appointed, who went upon the grounds, viewed and laid out the two streets asked for in the petitions. These two reports were filed and confirmed *nisi* on June 4, 1928, which were open to exceptions till Oct. 1st of the same year, being our next term of court. No exceptions being filed and no review being asked for, on Oct. 1, 1928, these two reports were confirmed absolutely and the streets were ordered to be opened.

The clerk of this court testifies that about Oct. 10th he mailed the order to the board of supervisors to open the streets. Mr. A. A. Clark was at that time the clerk of this board, consisting of Harry A. Wagner, the respondent, as president, and C. W. Foulke and F. A. Ewing as the other two members. Clark testifies he received the order to open these streets on or about Oct. 10th, and the next day he told Harry A. Wagner of its receipt and asked him if he wanted to call a meeting of the supervisors, to which Wagner replied "not

necessarily," that they could not build the road till next spring, that they had no money.

An order to open a public road is not to be performed when it suits the pleasure or convenience of the supervisor, but it is to be obeyed as soon as practicable.

At the next regular meeting of this board, held on Nov. 17, 1928, the clerk again presented this order to open these roads. And again there were no steps taken looking in the least towards obedience of the order. Over a month of fine weather went by with no results whatever. The keeping up of the public roads of our State is the first duty of a supervisor, and his own private duties come second.

We have testimony of various reputable citizens of McClure stating that they heard Wagner say he would not open the roads, that he would fight it out in court, and that it was none of their business when he opened the roads and other remarks of a like import, coupled with an oath that he would not open the roads. Foolish remarks coming from an officer, a servant of the public who had elected him to his position to open and maintain the roads of this township. And there was nothing to fight out in court. We had ordered him to open these roads, which order was final, and his duty was to obey, so there was nothing about which to fight. Had there been any reason why these streets should not have been laid out, the proper remedy was by filing exception to the reports of viewers or petitioning for a review. But neither of these steps was taken. Nothing *contra* was done and the day for so doing is now long gone by. And regarding the plea of a lack of funds, the year previous we note in the auditors' report that these same supervisors had borrowed quite a sum, as we surmise, to meet an emergency. Why could this not be done again to meet this exigency?

At this juncture we might say that these three supervisors had divided West Beaver Township into three road districts, as is provided by the Act of July 14, 1917, ch. 6, art. III, § 234, P. L. 865, the town of McClure being in Wagner's district, and it seems the other two supervisors looked after the roads in their respective districts and expected him to do so in his.

Our December Term of court convened on Dec. 10, 1928. Shortly before this date, the petition for the rule before us was circulated for signers in and about the town of McClure. Then, and not till then, did Wagner begin to bestir himself, hired some men and teams, hauled some stone on parts of these two roads and covered them over with sawdust. We cannot refrain from observing that this is a new and novel method of building a public road; not lasting, however, and not such as is contemplated by the laws of this State. He, however, made no attempt to build these roads till he was informed of the petition circulating against him. He sat tight for about two months and did nothing, with no lawful way for scholars or adults to go to or from this new school building.

He attempts to explain this unwarranted delay, but his testimony is so garbled and contradictory that we cannot attach much, if indeed any, importance to it.

So the facts before us show that Wagner deliberately refused and neglected to obey the order of this court in refusing and neglecting to open these two streets. There were about 260 children in attendance at this school, with no public highway by which to get to or from it. This fact alone should have spurred Wagner to prompt and immediate action, and from October to December, 1928, weather conditions were of the best for the building of these roads, which, in our judgment, were very necessary. He is said to have set up, as an

excuse, the lack of funds. But when he began work on the roads, after he became aware of the petition against him in the forepart of December, this lack of funds had apparently disappeared and did not prevent action on his part. And the lack of funds is no legal excuse, as he was wisely advised by his respected counsel. He was to open for public use these two streets as soon as practicable (Act of July 14, 1917, P. L. 909), and it is nonsense to say that with fine fall weather it was not practicable to do any work on them till Dec. 10, 1928. We are led to believe the motive power that impelled him to move finally was the petition against him.

We are led, from all the testimony in this case, to the full conclusion that this supervisor grossly neglected and refused to perform his official duties, that he has refused to obey the order of this court and that he should suffer for his own errors and be removed from office. After an offense, public in its nature, has been committed, it is too late to be sorry for it. This may be well enough for future action, but it does not wipe out the fact of the commission of the offense or error. Public officers should at all times bear in mind that they are the servants of the people who elected them and should at all times strive to faithfully serve their constituents. Water can never rise higher than its source.

The default of Wagner in this regard cannot and should not be charged to the other two supervisors, and the petition was properly drawn with the omission of their names: Haagan's Appeal, 294 Pa. 45.

And now, to wit, May 24, 1929, the rule is made absolute, and Harry A. Wagner, the respondent, is removed from the Board of Road Supervisors of West Beaver Township as of this date. Notice of his removal to be immediately sent him by the clerk of this court. An exception is noted for the respondent and a bill is sealed.